IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
SOUTHERN DIVISION

RECEIVED

2006 FEB -9 A 9: 55

| | |
|---|---|
| REGIS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CV- 1:06 CV125-MEF |
| vs. ) | |
| ) | |
| P&C GROCERS, INC., a corporation; CHARLES ) | |
| PARKER, an agent of same; and CECELIA GIBBS, ) | **Trial by Jury Demanded** |
| an individual; ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT THAT INSURANCE POLICY DOES NOT AFFORD COVERAGE

Plaintiff Regis Insurance Company ("Regis") files this Complaint for Declaratory Judgment seeking a determination that it owes no coverage to Defendant P&C Grocers, Inc. ("P&C"), Defendant Charles Parker ("Parker"), or Defendant Cecelia Gibbs ("Gibbs")(at times, collectively referred to as "Defendants") relative to certain legal/equitable claims brought by Gibbs against P&C and Parker in the United States District Court for the Middle District of Alabama, Southern Division, said case being styled <u>Cecelia Gibbs v. P&C Grocers, Inc., et al.</u>, 05-CV-00912-MHT-SRW (the "Gibbs suit"). In support, Regis alleges as follows:

### A.   PARTIES, VENUE, AND JURISDICTION

1.   Plaintiff Regis is a Pennsylvania business corporation with its principal place of business and offices located in the State of Pennsylvania.

2.   Defendant P&C is an Alabama corporation with its principal place of business in Ozark, Dale County, Alabama.

3.   Defendant Parker is an individual over the age of 19 years living in Alabama and

upon information and belief residing in Dale County, Alabama.

4. Upon information and belief Defendant Gibbs is an individual resident of Alabama who is over the age of 19 years.

5. Jurisdiction of this action is proper pursuant to 28 U.S.C. § 1332, as (a) there is complete diversity of citizenship between Regis and Defendants, and (b) the amount in controversy (exclusive of interest and costs) upon information and belief exceeds $75,000.00.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

7. This proceeding is authorized by 28 U.S.C. § 2201.

### B.  INSURANCE COVERAGE AT ISSUE

8. Regis issued a policy of multi-peril general liability insurance, No. RM 126366 (the "Policy"), effective March 22, 2004, through March 22, 2005, to P&C. See Exhibit A. The limit of the liability coverage provided under the Policy (subject to various coverage provisions, endorsements, terms, conditions, limitations, and exclusions) is $1,000,000 per occurrence with a $2,000,000 aggregate limit. See Exhibit A, Comprehensive General Liability Insurance, Additional Declarations (P&C 000014[1]); Limits of Liability Endorsement (P&C 000030).

9. The Policy provides, among other things, as follows:

> The Company [Regis] will pay on behalf of the **insured** [P&C and, perhaps, Parker] all sums which the **insured** shall become legally obligated to pay as damages because of
> A. **bodily injury** or
> B. **property damage**
> to which this insurance applies, caused by an **occurrence**, and the company shall have the right and

---

[1] The parenthetical citation refers to the particular page of Exhibit A on which the referenced information appears.

2

> duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage** ...

See Exhibit A, Comprehensive General Liability Insurance (P&C 000015)(emphasis in original).

10. The Policy defines "occurrence" as follows:

> "**occurrence**" means an accident including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the insured.

See Exhibit A, Definitions (P&C 000058)(emphasis in original).

11. The Policy includes the following "Sexual Molestation and/or Sexual Harassment Exclusion":

> NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED IN THIS POLICY, NO COVERAGE IS AFFORDED UNDER THIS POLICY FOR EITHER DEFENSE OR INDEMNIFICATION, FOR ANY CLAIM FOR DAMAGES FOR "BODILY INJURY" OR "PERSONAL INJURY" ARISING OUT OF THE ALLEGED OR ACTUAL SEXUAL MOLESTATION AND/OR SEXUAL HARASSMENT OF ANY PERSON. FOR PURPOSES OF THIS EXCLUSION, THE TERMS "SEXUAL MOLESTATION" AND "SEXUAL HARASSMENT" INCLUDE BUT ARE NOT LIMITED TO PHYSICAL ACTS OF A SEXUAL NATURE, ORAL OR WRITTEN COMMUNICATION OF A SEXUAL NATURE AND ORAL OR WRITTEN COMMUNICATION OF A DISPARAGING OR INSULTING SEXUAL NATURE.
>
> THIS EXCLUSION ALSO APPLIES TO CLAIMS FOR DAMAGES THAT RELATE TO, OR ARISE OUT OF, OR ARE BASED ON SUCH

>   SEXUAL MOLESTATION AND/OR SEXUAL ABUSE, SUCH AS, BUT NOT LIMITED TO (1) TERMINATION OF EMPLOYMENT OR RELATIONSHIP AS THE RESULT OF THE SEXUAL MOLESTATION AND/OR SEXUAL HARASSMENT OR RESISTANCE THERETO, (2) THE FAILURE TO INVESTIGATE, SUPERVISE, STOP, RESTRAIN, DISCIPLINE, ADMONISH, OR TERMINATE ANYONE ALLEGED TO BE ENGAGED IN SUCH SEXUAL HARASSMENT AND/OR SEXUAL MOLESTATION OR (3) THE FAILURE TO PROMULGATE AND/OR ENFORCE POLICIES AND RULES RELATIVE TO SEXUAL HARASSMENT AND/OR SEXUAL MOLESTATION.

<u>See</u> Exhibit A, Form RSMH-1 (4-94)(P&C 000041)(capitalization in original).

12.  The Policy includes the following "Assault and Battery Exclusion and Coverage Deletion Endorsement":

>   I.  In consideration of the premium charged for this insurance, it is understood and agreed that the policy to which this endorsement is attached is amended and modified as follows:
>
>   Actions and proceedings to recover damages for "bodily injury" or "property damage" or "personal injury" arising, in whole or in part, from the following are excluded from coverage and the Company is under no duty to investigate, defend or to indemnify an insured in any action or proceeding alleging such causes of action and damages:
>
>   1.  Assault and Battery or any act or omission in connection with the prevention, suppression or results of such acts;
>
>   2.  Harmful or offensive contact between or among two or more persons;
>
>   3.  Apprehension of harmful or offensive contact between or among two or more persons; or

4. Threats by words or deeds.

5. This exclusion applies to "bodily injury", "property damage", "personal injury" or any obligation to investigate, defend or indemnify, if such injury, damage or obligation is caused directly or indirectly by any other cause or event that contributes concurrently or in any other sequence to the injury or damage. If injury or damage from a covered occurrence, cause or event occurs, and that injury or damage would not have occurred but for the acts or omissions set forth in paragraphs 1 through 4 above, such injury or damage will be considered to be caused by the acts or omissions set forth in paragraphs 1 through 4 above, and would be excluded from coverage.

This exclusion applies regardless of the degree of culpability or intent and without regard to:

A. Whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, employees, agents or servants; or by any other person lawfully or otherwise on, at or near the premises owned or occupied by the insured; or by any other person;

B. The alleged failure of the insured or his officers, employees, agents or servants in the hiring, supervision, retention or control of any person, whether or not an officer, employee, agent or servant of the insured;

C. The alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar or halt any such conduct or to medically treat or obtain such treatment for any injuries or damages sustained.

This exclusion applies as well to any claims by any other

person, firm or organization, asserting rights derived from or contingent upon any person asserting a claim excluded under Clauses A, B or C (above); specifically excluding from coverage claims for:

1. Emotional distress or for loss of society, services, consortium and/or income;

2. Reimbursement for expenses (including but not limited to medical expenses, hospital expenses and wages) paid or incurred by such other person, firm or organization;

3. Apprehension of harmful or offensive contact between or among two or more persons; or

4. Threats by words or deeds.

5. Any obligation to share damages with or, repay someone who must pay damages because of the injury.

II. It is further agreed between the insured and the Company that:

1. If this policy contains the Broad form Comprehensive General Liability Endorsement (GL0404 ED 5-81), paragraph "XI Extended Bodily Injury Coverage", it is deleted from that endorsement and rendered null and void.

2. If this policy contains the Extended Form General Liability Endorsement (REGL-1 6-94), paragraph "XI Extended Bodily Injury Coverage", it is deleted from that endorsement and rendered null and void.

See Exhibit A, Form RAB-3(12-99)(P&C 000029).

13. The Policy includes the following "Employment Related Practices Exclusion":

This policy does not apply for either defense or indemnification to any claim or suit alleging

>"bodily injury" or "personal injury" or "advertising injury" arising out of the refusal to employ, unlawful discharge or termination of employment, coercion or forceful compulsion, demotion or other reduction in rank or responsibility, reassignment or transfer, discipline or punishment, humiliation, harassment, discrimination on the basis of membership in a protected class or group, evaluation, defamation or any other employment related practices, policies, acts or omissions.
>
>This exclusion applies regardless of whether the "insured" may be held liable as an employer or in any other capacity.

See Exhibit A, Form REE-1(11-93)(P&C 000034).

14. The Policy includes the following "Discrimination Exclusion":

>This policy does not apply, for either defense or indemnification, to any liability, defense costs, fines or damages which arise out of any alleged or actual discrimination of any person or persons based upon, but not limited to, color, creed, gender, race, natural origin, age, handicap, illness, religion or sexual preference.

See Exhibit A, Form RDE-1(11-93)(P&C 000033).

15. The Policy includes the following "Absolute Punitive or Exemplary Damage Exclusion":

>This policy does not apply to and coverage is not provided for Punitive or Exemplary Damages awarded against any insured, or agreed to in advance by any insured, whether such Punitive or Exemplary Damages are imposed as a result of the acts or omissions of any insured or as a result of vicarious liability of any insured. Coverage for Punitive Damages, whether assessed directly or by way of vicarious liability, is specifically excluded.

> This exclusion does not apply to punitive damages sought or awarded under the Wrongful Death Statute in the State of Alabama.

See Exhibit A, Form RPD-AL-1(9-00)(P&C 000038).

16. The Policy includes the following "Amendatory Endorsement":

> It is agreed that the exclusion relating to bodily injury to any employee of the insured is deleted and replaced by the following:
>
> This insurance does not apply:
>
> (I)  to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured for which the insured may be held liable as an employer or in any other capacity....

See Exhibit A, Amendatory Endorsement (GL 00 32)(Ed. 4-84)(P&C 000019).

## C. UNDERLYING LAWSUIT AGAINST P&C AND PARKER FOR WHICH COVERAGE IS DISPUTED

17. On September 23, 2005, Gibbs filed suit against P&C and Parker in the United States District Court for the Middle District of Alabama, Southern Division. See Exhibit B.

18. The Gibbs suit asserts legal and equitable claims against P&C and Parker and seeks both compensatory and punitive damages. Specifically, Gibbs alleges that P&C and Parker are liable for (a) "sexual harassment, discrimination and retaliation," (b) "religious discrimination," and (c) intentional infliction of emotional distress (the tort of outrage). See Exhibit B, Counts I, II, and III.

19. All of Gibbs' claims for relief arise from, arise out of, relate to, or concern P&C's employment-related practices and Parker's alleged improper and tortious conduct while acting as P&C's president/agent in supervising Gibbs' employment in P&C's store premises located in

Eunola, Alabama. See Exhibit B.

 20. Gibbs alleges that Parker (and, thus, vicariously P&C)

  (a) "subjected the plaintiff to unwanted, inappropriate and harassing remarks and touching";

  (b) "rubbed the Plaintiff's shoulders in a sexually suggestive way"; and

  (c) "continually instructed the Plaintiff to 'get right with God.'"

See Exhibit B, ¶¶ 9 and 11. Gibbs alleges that she requested that Parker cease the alleged improper sexual conduct, but "no action was taken to cease or prevent the sexual harassment." See Exhibit B, ¶ 10. Gibbs alleges that she requested that parker "refrain from discussing religion in her presence" to no avail. See Exhibit B, ¶ 11. Gibbs further alleges that she was discharged "[i]n retaliation for her complaints regarding the sexual harassment and religious comments." See Exhibit B, ¶ 13.

 21. Gibbs seeks to recover compensatory and punitive damages from P&C and Parker.

 22. P&C notified Regis of the pendency of the Gibbs suit.

 23. After receipt of this notice, Regis sent a reservation of rights letter to P&C on December 27, 2005. Regis is providing a defense to P&C and Parker under this reservation of rights.

### D. REQUEST FOR DECLARATORY JUDGMENT AND RELIEF

 24. Regis believes and avers that the allegations contained in the Gibbs suit fall outside the coverage of the Policy.

 25. Regis believes and avers that all allegations contained in the Gibbs suit fall within the exclusionary provisions of the Policy, including but not necessarily limited to those mentioned above.

26. Regis believes and avers that it does not owe either a defense or indemnity to P&C and/or Parker regarding any of the claims at issue in the Gibbs suit.

27. A justiciable controversy exists.

WHEREFORE, PREMISES CONSIDERED, Regis prays as follows:

A. That the Court declare and decree that the Policy issued to P&C does not afford coverage for the claims asserted in the Gibbs suit.

B. That the Court declare and decree that Regis is not required to defend P&C or Parker in the Gibbs suit.

C. That the Court declare and decree that Regis is not obligated to pay any damages that P&C or Parker may become legally obligated to pay as a result of the Gibbs suit.

D. That Regis be afforded such other and further relief as the Court may deem proper.

*/s/ Brennan C. Ohme*
Bert S. Nettles (NET-001)
Brennan C. Ohme (OHM-001)
Attorneys for Regis Insurance Company

**Of Counsel:**
HASKELL SLAUGHTER YOUNG & REDIKER, L.L.C.
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
(205) 251-1000

**Plaintiff requests a trial by jury on all issues and claims presented herein or in any future amended complaint.**

**PLEASE SERVE THE BELOW-NAMED DEFENDANTS BY CERTIFIED MAIL**:

P&C Grocers, Inc.
136 East Reynolds
Ozark, AL 36360

Charles Parker
c/o P&C Grocers, Inc.
136 East Reynolds
Ozark, AL 36360

Cecilia Gibbs
c/o Charles W. Blakeney, Esq.
P.O. Box 100
Geneva, AL 36340

445545