IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGIS INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:06-cv-125-MEF |
| P&C GROCERS, INC., ) | |
| CHARLES PARKER, and ) | |
| CECILIA GIBBS, ) | |
| ) | |
| Defendants ) | |

## ANSWER OF P&C GROCERS, INC. AND CHARLES PARKER

COME NOW P&C Grocers, Inc., and Charles Parker and answer the "Complaint for Declaratory Judgment that Insurance Policy Does Not Afford Coverage" as follows:

### ALLEGATIONS OF THE COMPLAINT

To the specific allegations of the Complaint, Defendants state:

### A. PARTIES, VENUE, AND JURISDICTION

1. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

2. Admitted.

3. Defendant Charles Parker is a resident of Montgomery County, Alabama, otherwise the allegations of paragraph 3 are admitted.

4. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

5. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

6. Defendants are without sufficient information to admit or deny the allegations of this paragraph.

7. Admitted.

### B. INSURANCE COVERAGE AT ISSUE

8. Admitted.

9. Admitted.

10. Admitted.

11. Defendants admit that the policy of insurance contains the language set out in paragraph 11, but to the extent Plaintiff claims the policy does not provide for coverage and defense for the lawsuit described in the introductory paragraph of the Complaint, such allegations are denied and strict proof thereof is demanded.

12. Defendants admit that the policy of insurance contains the language set out in paragraph 12, but to the extent Plaintiff claims the policy does not provide for coverage and defense for the lawsuit described in the introductory paragraph of the Complaint, such allegations are denied and strict proof thereof is demanded.

13. Defendants admit that the policy of insurance contains the language set out in paragraph 13, but to the extent Plaintiff claims the policy does not provide for coverage and defense for the lawsuit described in the introductory paragraph of the Complaint, such allegations are denied and strict proof thereof is demanded.

14. Defendants admit that the policy of insurance contains the language set out in paragraph 14, but to the extent Plaintiff claims the policy does not provide for coverage and defense for the lawsuit described in the introductory paragraph of the

    Complaint, such allegations are denied and strict proof thereof is demanded.

15. Defendants admit that the policy of insurance contains the language set out in paragraph 15, but to the extent Plaintiff claims the policy does not provide for coverage and defense for the lawsuit described in the introductory paragraph of the Complaint, such allegations are denied and strict proof thereof is demanded.

16. Defendants admit that the policy of insurance contains the language set out in paragraph 16, but to the extent Plaintiff claims the policy does not provide for coverage and defense for the lawsuit described in the introductory paragraph of the Complaint, such allegations are denied and strict proof thereof is demanded.

## C. UNDERLYING LAWSUIT AGAINST P&C AND PARKER FOR WHICH COVERAGE IS DISPUTED

17. Admitted.

18. Admitted.

19. Denied, and strict proof thereof is demanded.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

## D. REQUEST FOR DECLARATORY JUDGMENT AND RELIEF

24. Denied, and strict proof thereof is demanded.

25. Denied, and strict proof thereof is demanded.

26. Denied, and strict proof thereof is demanded.

27.   Denied, and strict proof thereof is demanded.

### FIRST AFFIRMATIVE DEFENSE

As to the unnumbered paragraph of the Complaint beginning with the term "Wherefore" and sub-parts A through D, Defendants deny that the Plaintiff is entitled to any of the relief requested.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by one or more of the doctrines of waiver, estoppel, laches, timeliness, or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to bring its claims within the time period prescribed by relevant law.

### FIFTH AFFIRMATIVE DEFENSE

Defendants plead as if fully set forth herein the terms and conditions of any and all relevant insurance policies issued by Regis Insurance Company to Defendant P&C Grocers.

### SIXTH AFFIRMATIVE DEFENSE

Defendants reserves the right to supplement or amend this Answer as additional defenses become known to it.

4

Respectfully submitted this 3rd day of March, 2006.

                      s/ James Douglas McElvy
                      James Douglas McElvy (MCE006)
                      Attorney for Defendant P&C Grocers, Inc. and Charles Parker

OF COUNSEL:
**AZAR & AZAR, LLC**
260 Washington Avenue
Montgomery, AL 36104
(334) 265-8551
(334) 261-3489 (fax)
dmcelvy@azarlaw.com

**DEFENDANTS DEMAND A TRIAL BY JURY ON ALL THE ISSUES AND CLAIMS PRESENTED HEREIN OR IN ANY FUTURE AMENDED COMPLAINT OR ANSWER.**

                      s/ James Douglas McElvy
                      OF COUNSEL

## CERTIFICATE OF SERVICE

I certify that on March 3, 2006, the foregoing was electronically filed with the Clerk of the Court of the Middle District of Alabama using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served by United States Mail, properly addressed and postage prepaid to the following:

Bert S. Nettles, Esq.
Brennan C. Ohme, Esq.
Haskell Slaughter Young & Rediker, LLC
2001 Park Place North
1400 Park Place Tower
Birmingham, AL 35203

Charles W. Blakeney, Esq.
P.O. Box 100
Geneva, AL 36340

                      s/ James Douglas McElvy
                      OF COUNSEL