IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REGIS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:06-CV-125-MEF |
| P&C GROCERS, INC., | ) | |
| CHARLES PARKER, and | ) | |
| CECILIA GIBBS, | ) | |
| | ) | |
| Defendants | ) | |

**BRIEF OF P&C GROCERS, INC. AND CHARLES PARKER IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO REGIS INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND BRIEF**

COME NOW Defendants P&C Grocers, Inc. ("P&C"), and Charles Parker ("Parker") and move the Court to overrule and deny the Motion for Summary Judgment filed by Regis Insurance Company ("Regis") against Defendants, and grant P&C and Parker's Motion for Summary Judgment, and as grounds say as follows:

INTRODUCTION

The primary issue in this case is one of ripeness. The Court should refrain from addressing the substantive issues raised by Regis because the underlying case has not been resolved. Regis simply jumped the gun.

STATEMENT OF PERTINENT FACTS

1. On or about September 23, 2005, Cecelia Gibbs brought suit against P&C and Parker in the United States District Court for the Middle District of Alabama, Southern

      Division. <u>See</u> Exhibit 1 to Regis Motion for Summary Judgment. Judge Myron H. Thompson is presiding over the case, and the case is styled <u>Cecelia Gibbs v. P&C Grocers, et al.</u>, 05-CV-00912-MHT-SRW (the "Gibbs Suit").

2. For the period at issue in the Gibbs Suit, Regis was P&C's insurer under a policy of multi-peril general-liability insurance. <u>See</u> Exhibit 2 to Regis Motion for Summary Judgment.

3. Parker is the president of P&C.

4. Regis agreed to defend P&C and Parker in the Gibbs Suit and their attorney made an appearance in the Gibbs Suit on P&C and Parker's behalf on or about January 5, 2006. Since that date, Regis has continued to defend P&C and Parker.

5. As of the date of the filing of this brief, the Gibbs Suit is only a few months from trial and only two weeks from the completion of discovery. (<u>See</u> Judge Thompson's scheduling order, attached hereto as Exhibit A).

6. The parties to the Gibbs Suit are awaiting a ruling from Judge Thompson on P&C and Parker's Motion for Summary Judgment at any time. (<u>See</u> Judge Thompson's order relating to P&C and Parker's Motion for Summary Judgment, attached hereto as Exhibit B).

STANDARD OF REVIEW

In reviewing a Motion for Summary Judgment, the court is to evaluate the evidence and factual inferences in the light most favorable to the nonmovants, which in this case are P&C and Parker. Summary judgment can be entered on a claim only if it is shown "that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). See also, State Auto Property and Casualty Ins. Co. v. Calhoun, 2005 WL 2406055, *3 (M.D. Ala.).

ARGUMENT

A.  THE DUTY TO INDEMNIFY IS NOT RIPE FOR ADJUDICATION BECAUSE THE GIBBS SUIT HAS NOT BEEN RESOLVED.

This Court and others have made abundantly clear that "the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit." Auto-Owners Ins. Co. v. Toole, 947 F.Supp. 1557 (M.D. Ala. 1996) (quoting Nationwide Insurance v. Zavalis, 52 F.3d 689, 693 (7th Cir. 1995)). The insurer's duty to indemnify cannot be determined at a preliminary stage of the trial proceedings because the plaintiff in the underlying action could change her theory of liability "and assert a claim that is covered by the policy at issue." State Auto, 2005 WL 2406055, at *6 (citing Ladner & Co. v. Southern Guar. Ins. Co., 347 So.2d 100, 104 (Ala. 1977)).

The issue of ripeness is not simply a convenience issue to reduce the burden on the court system. Serious constitutional considerations are raised. In State Auto, this Court outlined the constitutional ramifications of the ripeness issue in duty-to-indemnify cases:

> As this lawsuit has been brought in federal court under the Declaratory Judgment Act, the issue of ripeness must be decided in view of the Constitution's restriction of the exercise of federal judicial power to "cases" and "controversies". U.S. Const. art. III § 2. The Declaratory Judgment Act, "in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision." Auto-Owners Ins. Co. v. Toole, 947 F.Supp. 1557, 1565 (M.D.Ala.1996)(citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937)). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having

> adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>Id.</u> at 1566 (citing <u>Maryland Casualty Co. v. Pacific Coal & Oil Co.</u>, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)).

2005 WL 2406055, at *7. No "case" or "controversy" actually exists in a federal action to determine whether there is a duty to indemnify until the court in the underlying case finds <u>against</u> the insured party. If the court in the underlying action finds <u>for</u> the insured, there is nothing to indemnify, and the issue is moot. Federal courts are constitutionally prohibited from entertaining duty-to-indemnify cases that are not ripe for review.

      Here, as in <u>State Auto</u>, if P&C and Parker were to prevail in the underlying action, the issue of whether Regis must indemnify P&C and Parker would be moot, thus the Court would never have to reach the issue of indemnification. Therefore, the Court should hold "that the issue of indemnification is not sufficiently ripe to present a 'case' or 'controversy'." <u>State Auto</u> at *7.

B.    THE COURT SHOULD EXERCISE ITS DISCRETIONARY POWER AND DECLINE TO PROVIDE DECLARATORY RELIEF AT THIS TIME BECAUSE THE UNDERLYING GIBBS SUIT IS AT SUCH AN ADVANCED STAGE.

      The Declaratory Judgment Act gives federal courts the discretion to determine whether to exercise jurisdiction over a declaratory judgment case. In the present case, several factors mitigate against the exercise of jurisdiction by the Court. According to the Declaratory Judgment Act a court "<u>may</u> declare the rights and other legal relations of any interested party seeking this declaration." 28 U.S.C.A. § 2201 (emphasis added). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as conferring 'a discretion on the courts rather than an absolute right upon the litigant.'" <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 287 (1995)(quoting <u>Public Serv. Comm'n v. Wycoff Co.</u>, 344 U.S. 237, 241 (1952)).

According to the Supreme Court, "[T]here is . . . nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court to hear a declaratory judgment action . . . . In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288, (quoting E. Borchard, Declaratory Judgments 313 (2d ed.1941)). District courts are vested with such a "unique breadth" of discretion "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." Id. at 289.

The factors present in this case reveal a situation in which it would be inequitable for the Court to decide the issues raised by Regis before the underlying case is resolved. First, the underlying action is at a stage where P&C and Parker would be materially damaged by a decision in this Court affecting their legal representation in the Gibbs Suit. Second, Regis has already agreed to defend and has been defending P&C and Parker in the Gibbs Suit. Third, as discussed above, no determination regarding indemnification can be made until the Gibbs Suit is resolved.

First, the Gibbs Suit is only a few months from trial and only two weeks from the completion of discovery. (See Judge Thompson's scheduling order, attached hereto as Exhibit A). In addition, the parties to the Gibbs Suit are awaiting a ruling from Judge Thompson on P&C and Parker's Motion for Summary Judgment at any time. (See Judge Thompson's order relating to P&C and Parker's Motion for Summary Judgment, attached hereto as Exhibit B). A ruling in favor of Regis in this case would likely disrupt P&C and Parker's defense in the Gibbs Suit at this late date. An exercise of discretion by this Court would prevent P&C and Parker from being severely prejudiced in the Gibbs Suit.

Second, Regis agreed to defend P&C and Parker in the Gibbs Suit and their attorney made an appearance in the Gibbs Suit on P&C and Parker's behalf on or about January 5, 2006. For the past eight months, P&C and Parker have been defended by an attorney voluntarily provided by Regis. Regis may or may not ultimately have a duty to defend; but for this Court to intervene and allow Regis to pull out now would be inequitable in light of the advanced nature of the Gibbs Suit. We are not asking this Court to determine that Regis has a duty to defend, we are simply asking this Court to exercise discretion and not get involved before the Gibbs Suit is resolved.

Third, as discussed above, Regis' duty to indemnify or lack thereof cannot be determined until the Gibbs Suit has been resolved. The question of indemnification is purely academic and theoretical at this stage because P&C and Parker may not even have any liability in the Gibbs Suit. As this Court has previously determined, declaratory judgment is inappropriate when the underlying case has not been resolved. Auto-Owners, 947 F.Supp. at 1565-1566.

In light of the circumstances and the advanced nature of the Gibbs Suit, the Court should, "in the exercise of its discretion, decline to provide declaratory relief" (Auto-Owners, 947 F.Supp. at 1566) in this case, and dismiss all of Regis' claims, without prejudice, so that they can be refiled after the Gibbs Suit has been resolved, if Regis chooses to re-file them at all.

CONCLUSION

WHEREFORE, PREMISES CONSIDERED, P&C and Parker respectfully request that the Court enter an order denying summary judgment in Regis' favor and granting summary judgment in P&C and Parker's favor on all of their claims.

Respectfully submitted this 29th day of August, 2006.

                                        s/ James Douglas McElvy
                                        James Douglas McElvy (MCE006)
                                        Attorney for Defendants P&C Grocers, Inc. and
                                        Charles Parker

OF COUNSEL:
**AZAR & AZAR, LLC**
260 Washington Avenue
Montgomery, AL 36104
(334) 265-8551
(334) 261-3489 (fax)
dmcelvy@azarlaw.com

## CERTIFICATE OF SERVICE

      I certify that on August 29, 2006, the foregoing was electronically filed with the Clerk of the Court of the Middle District of Alabama using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served by United States Mail, properly addressed and postage prepaid to the following:

| | |
|---|---|
| Bert S. Nettles, Esq.<br>Brennan C. Ohme, Esq.<br>Haskell Slaughter Young & Rediker, LLC<br>2001 Park Place North<br>1400 Park Place Tower<br>Birmingham, AL 35203 | Charles W. Blakeney, Esq.<br>P.O. Box 100<br>Geneva, AL 36340 |

                                        s/ James Douglas McElvy
                                        OF COUNSEL