IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | | |
|---|---|---|
| REGIS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-125-MEF |
| | ) | |
| P&C GROCERS, INC., a corporation; | ) | |
| CHARLES PARKER, an agent of same; and | ) | |
| CECELIA GIBBS, an individual; | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
MOTION FOR SUMMARY JUDGMENT
AND
PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Regis Insurance Company ("Regis") files this Reply to the Response to its Motion for Summary Judgment and files this Response to the Motion for Summary Judgment filed by P&C Grocers, Inc., and Charles Parker (collectively "P&C"), stating as follows:

**I.    INTRODUCTION**

P&C[1] does not dispute that the claims in the underlying suit fall outside the coverage provided by the insurance policy at issue. P&C presents no evidence or

---

[1] Defendant Cecelia Gibbs failed to oppose Regis's Motion for Summary Judgment.

argument in opposition to Regis's Motion for Summary Judgment or in support of their own Motion for Summary Judgment establishing that Regis owes a duty to defend or indemnify. Rather, P&C only seeks to delay a ruling from this Court in an effort to saddle Regis with further costs/expense associated with the defense of the underlying suit and to maintain the possibility of coverage for an adverse judgment against P&C for which no coverage can be owed.

## II. REPLY TO P&C'S RESPONSE TO REGIS'S MOTION FOR SUMMARY JUDGMENT

P&C concedes that there is no genuine issue of fact on the claims for declaratory relief asserted in the Complaint. See Doc. # 17, p. 1, item 1. P&C does not (and cannot) argue that the claims of the underlying suit fall within the scope of the coverage provided under Regis's policy of insurance. Id., Exhibit 3; Colonial Life & Acc. Ins. Co. v. Collins, 280 Ala. 373, 194 So. 2d 532, 535 (Ala. 1967)(insured bears burden of showing that claim falls within coverage). In fact, P&C does not challenge any of the legal arguments presented in Regis's Motion for Summary Judgment. See Doc. # 17, Exhibit 3. Rather, P&C only disputes that Regis is entitled to judgment *at this time*. Id., pp. 3-6. Because P&C fails to identify any area of dispute as to the coverage issues raised in the Complaint (and affirmatively established in favor of Regis in its Motion for Summary Judgment), P&C has in effect

conceded that Regis's Motion for Summary Judgment is due to be granted.

**III.   RESPONSE TO P&C'S MOTION FOR SUMMARY JUDGMENT**

P&C's Motion for Summary Judgment asserts two equally erroneous grounds: (1) the question of whether Regis owes a duty to indemnify is not ripe for adjudication and (2) in an exercise of discretion, the Court should delay ordering any of the declaratory relief sought in the Complaint.  See Doc. # 17, Exhibit 3, pp. 3-6. Neither of these grounds is sufficient to warrant a summary judgment in P&C's favor where (as here) it fails to present any evidence or argument that the claims in the underlying suit fall within the coverage provided under the insurance policy at issue.[2]

    **A.   The Question Of Regis's Duty To Indemnify Is Ripe Regardless Of Whether The Underlying Suit Has Been Fully Adjudicated.**

P&C contends that the issue of Regis's duty to indemnify is not ripe for adjudication.  In support, P&C relies essentially on one case, State Auto Prop. and Cas. Ins. Co. v. Calhoun, 2005 WL 2406055 * 7 (M.D. Ala. 2005).  P&C argues that Calhoun stands for the proposition that, when no final judgment or settlement exists in the underlying litigation, the duty to indemnify is "not sufficiently ripe to present a 'case' or 'controversy'" for determination by a court.  See Doc. # 17, Exhibit 3, p.

---

[2] In opposition to P&C's Motion for Summary Judgment, Regis adopts and incorporates by reference as if fully set forth herein any and all evidence and arguments presented in its Motion for Summary Judgment.  See Doc. # 13.

4. Respectfully, Calhoun does not apply.

In Calhoun, this Court denied that part of an insurer's motion for summary judgment seeking a declaration that no indemnification was owed to its insured and granted that part of the motion seeking a declaration that no defense was owed to the insured. Id. at * 8. Regarding the indemnity issue, the Court based its conclusion on the fact that a judgment adverse to the insured had not yet occurred in the underlying action. Id. at * 7. In Calhoun, however, the insured filed a motion for summary judgment specifically arguing and seeking to establish that the claims against her in the underlying action fell within the coverage provided by the insurer. Id. at * 2. Clearly, no such showing has been attempted (or can be maintained) by P&C in this case. See Doc. # 17. Given that P&C has conceded the specific coverage issues raised in Regis's Motion for Summary Judgment, this Court's ruling in Calhoun does not apply and should not bar the declaratory relief Regis seeks.

It is true that courts sometimes decline to declare a liability insurer's obligation to indemnify its insured when the underlying litigation against the insured asserts claims ***falling within the coverage of the applicable policy***. In such instances, though, there is at least some question about coverage. See, e.g., State Farm Fire and Cas. Co. v. Middleton, 65 F. Supp. 2d 1240 (M.D. Ala. 1999)(no duty to indemnify under one liability policy while underlying litigation pending because no claim(s) in

that litigation fell within coverage; reserving the issue as to another liability policy because claim(s) in underlying litigation potentially fell within coverage). In the instant case, because it is undisputed that all of the claims asserted against P&C are not covered or are otherwise excluded, a full adjudication of all coverage questions is warranted. See Doc. # 17.

P&C also asserts that the indemnity issue is not ripe "because the plaintiff in the underlying action could change her theory of liability." See Doc. # 17, Exhibit 3, p. 3. The pleadings in the underlying suit, however, are closed; thus, further amendment of the claims in the underlying suit is extremely unlikely. See id., Exhibit 1, p. 2, § 4 ("Any motion to amend pleadings and to add parties *shall* be filed on or before April 28, 2006)(emphasis added). No amendments were filed before the pleadings were closed. See Exhibit 2 (Docket Report in Underlying Suit), hereto. Even if new claims were added to the underlying suit, the nature of those claims would be limited to P&C's employment practices. There is no question that any such claims either would not fall within the coverage or would be excluded from coverage. See Doc. # 13, Exhibit 3.

The indemnity issue is ripe for adjudication.

**B.    There Is No Justification For Delaying A Determination That Regis Owes Neither A Defense Nor An Indemnification To P&C.**

An overriding principle governing this Court's consideration of Regis's Motion for Summary Judgment is that "[a]lthough the district court has an area of discretion in deciding whether to grant or deny declaratory relief, that discretion should be exercised liberally in favor of granting such relief in order to accomplish the purposes of the Declaratory Judgment Act." Cincinnati Ins. Co. v. Holbrook, 867 F.2d 1330, 1333 (11th Cir. 1989), abrogated on other grounds, Wilton v. Seven Falls Co., 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995).[3]

The only arguments P&C presents in support of its contention that the Court should not follow Holbrook's mandate of liberally exercising discretion are that (1) Regis agreed to defend P&C, (2) it would be unfair to end that defense, and (3) the indemnity question is not yet ripe.[4]  P&C's contentions fail in all respects.

A determination that Regis owes no duty to defend or indemnify will not be unfair or inequitable.  Throughout the prosecution of the underlying suit, Regis has provided a defense *under a reservation of rights*.  See Exhibit 1(Affidavit of George

---

[3] Wilton only disagreed with Holbrook's statement of the scope of appellate review of the district court's exercise of discretion whether to grant or deny declaratory relief.

[4] This last ground has been previously addressed in § II A, supra.

Morrison), hereto. Thus, P&C has been well aware that the defense may end and that no indemnity could be owed. Further, P&C wholly failed to present any evidence or argument that the claims in the underlying suit fall within the coverage afforded under the policy at issue. See Doc. # 17. This failure indicates not only the strength of Regis's position in that regard but also the propriety of an immediate ruling providing the relief Regis seeks.

The request for delay is also inconsistent with P&C's ripeness argument based on Calhoun. This Court, in Calhoun, implicitly rejected the notion that a court should delay ruling on whether (at the least) a defense is owed. P&C now impermissibly seeks to expand Calhoun's holding to all aspects of coverage. Further, as previously established Calhoun does no even apply to this case.

There is no basis for delaying a determination that Regis owes neither a defense nor an indemnification.

## IV. CONCLUSION

Respectfully, the approach to declaratory relief adopted in Calhoun does not apply to this case. Further, the expansion of Calhoun advocated by P&C will only encourage insurers to deny claims rather than provide a defense to their insureds and then separately litigate coverage issues. Disputes like the one currently before the Court involve a simple question: is it covered? If, as here, the broader duty to defend

is not owed, then it seems axiomatic that the more narrow duty to indemnify is also not owed. Such a conclusion is particularly appropriate because P&C has failed to contest any of the coverage issues.

WHEREFORE, PREMISES CONSIDERED, Regis respectfully requests that the Court enter an Order granting its Motion for Summary Judgment in its entirety and denying P&C's Motion for Summary Judgment in its entirety.

        *s/ Brennan C. Ohme*
        Bert S. Nettles (NET-001)
        Brennan C. Ohme (OHM-001)
        Attorneys for Regis Insurance Company

**Of Counsel:**
HASKELL SLAUGHTER YOUNG & REDIKER, L.L.C.
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
(205) 251-1000
(205) 324-1133 (FAX)
bsn@hsy.com
bco@hsy.com

## **CERTIFICATE OF SERVICE**

      I certify that on SEPTEMBER 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served by United States Mail, properly addressed and postage pre-paid, to the following:

James Douglas McElvy
AZAR & AZAR, LLC
260 Washington Avenue
Montgomery, AL 36104

Charles W. Blakeney
P.O. Box 100
Geneva, AL 36340

                                  *s/ Brennan C. Ohme*
                                  Brennan C. Ohme
                                  HASKELL SLAUGHTER YOUNG &
                                  REDIKER, L.L.C.
                                  2001 Park Place North
                                  1400 Park Place Tower
                                  Birmingham, Alabama 35203
                                  (205) 251-1000
                                  (205) 324-1133 (FAX)
                                  bsn@hsy.com
                                  bco@hsy.com

466243