STATE OF PENNSYLVANIA )
COUNTY OF CHESTER )

### AFFIDAVIT OF GEORGE MORRISON

Before me, the undersigned notary public in and for said county and state, personally appeared George Morrison, who, having been first duly sworn, did depose and testify as follows:

1. My name is George Morrison. I am over the age of nineteen (19) years, suffer no incapacity, and have personal knowledge of the matters stated herein.

2. I am employed as Claims Manager for Regis Insurance Company ("Regis"). As such, I am familiar with a certain claim submitted to Regis by P & C Grocers, Inc., and Charles Parker (designated as claim no. 20924) relative to a lawsuit filed against them in the United States District Court for the Middle District of Alabama styled <u>Cecelia Gibbs v. P&C Grocers, Inc., and Charles Parker</u>, 05-CV-00912-MHT-SRW. I am also familiar with the documents comprising Regis's claim file for claim no 20924.

3. Attached to this affidavit as Exhibit A is a true and exact copy of the December 27, 2005, reservation of rights letter issued to P&C Grocers, Inc. and to Charles Parker (as it appears in the claim file) relative to claim no. 20924.

_____
George Morrison

Sworn to and subscribed before me this 8TH day of September, 2006.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
James J. Moll, Notary Public
Tredyffrin Twp., Chester County
My Commission Expires Aug. 6, 2008
Member, Pennsylvania Association Of Notaries

_____
Notary Public

My Commission Expires: AUGUST 6, 2008

466280

# Exhibit 1

# REGIS  INSURANCE COMPANY

P. O. BOX 686 • SOUTHEASTERN, PA 19399
PHONE: (610) 647-1280 • FAX: (610) 647-4630

December 27, 2005

P & C Grocer's Inc.          Charles Parker
136 East Reynolds            17107 Meriwether Trail
Ozark, AL 36360              Grady AL 36036

> Re: Cecelia Gibbs vs. P & C Grocers, Inc., and Charles Parker, individually and as agent for P & C Grocers, Inc., defendants, United States District Court for the Middle District of Alabama, Southern Division, Civil Action No. 1:05 cv 00912
> Policy Number: RM 126366, effective dates: 3/22/04 – 3/22/05
> Claim Number: 20924

Dear Sir/Madam:

Regis Insurance Company has been notified of the pendency of the above lawsuit by virtue of its having issued policy RM 126366, effective 3/22/04 – 3/22/05.

As we understand it, based on the allegations of the Complaint, the lawsuit alleges that Charles Parker, as president and agent of P & C Grocer's Inc., engaged in certain unwelcome harassment of a sexual and religious discriminatory nature, i. e. sexual conduct directed to the plaintiff Cecelia Gibbs, your employee, such as "rubbing the plaintiff's shoulders in a sexually suggestive way", and telling her to "get right with God" (paragraphs 9-11, 13 of Complaint), which was unwanted, at unspecified times while she was employed by you at your store in Eunola, Alabama after January 5, 2004, and that she was discharged by you as a result of this conduct and in retaliation for her complaints about it.

The Complaint seeks compensatory damages for Sexual Harassment and Discrimination, Religious Discrimination and Retaliation, in alleged deprivation of the plaintiff's civil rights in violation of Federal statutes, 42 U.S.C. 2000(e), et. seq.( Counts I and II), and a state law claim of Intentional Infliction of Emotional Harm, also known as the tort of Outrage, alleging your conduct was intentional and "extreme and outrageous and was beyond the bounds of decency" ( Count III, paragraphs 24-25). The Complaint also seeks compensatory and punitive damages for "emotional distress and trauma", as well as a permanent injunction and award of attorney's fees and costs.

Please be advised that Regis Insurance Company accepts notice of this claim and the above lawsuit under a Strict Reservation of Rights.

Policy RM 126366 provides as follows:

> The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

1

**Exhibit A**

      **A. bodily injury** or
      **B. property damage**

to which this insurance applies, caused by an **occurrence,** and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such **bodily injury** or **property damage**...

      **occurrence** means an accident including continuous or repeated exposure to conditions, which results in **bodily Injury or property damage** neither expected nor intended from the standpoint of the **insured**

We believe that the claims made in the complaint do not constitute an **occurrence** as that term is defined in Policy RM126366. Also, the claims made in Counts I and II do not allege **bodily Injury** as that term is defined in the policy.

Policy RM126366 also contains **Sexual Molestation and/or Sexual Harrassment Exclusion(RSMH-1),** which provides as follows:

*SEXUAL MOLESTATION AND/OR SEXUAL HARASSMENT EXCLUSION*

      Notwithstanding anything to the contrary contained in this policy, no coverage is afforded under this policy for either defense or indemnification, for any claim for damages for "Bodily Injury" or "personal injury" arising out of the alleged and/or actual sexual molestation and/or sexual harassment of any person. For purposes of this Exclusion, the terms "Sexual Molestation" and "Sexual Harassment" include, but are not limited to, physical acts of a sexual nature, oral or written communication of a sexual nature and oral or written communication of a disparaging or insulting sexual nature.

      This Exclusion also applies to claims for damages that relate to, or arise out of, or are based on such sexual molestation and/or sexual abuse, such as but limited to (1) termination of employment or relationship as the result of the sexual molestation and/or sexual harassment or resistance thereto, (2) the failure to investigate, supervise, stop, restrain, discipline, admonish, or terminate anyone alleged to be engaged in such sexual harassment and/or sexual molestation or (3) the failure to promulgate and/or enforce policies and rules relative to sexual harassment and/or sexual molestation.

Policy RM126366 also contains an **Assault and Battery Exclusion and Coverage Deletion Endorsement (RAB-3)** which provides as follows

    I. In consideration of the premium charged for this insurance, it is understood and agreed that the policy to which this endorsement is attached is amended and modified as follows:

    Actions and proceedings to recover damages for "bodily injury" or "property damage" or "personal injury" arising, in whole or in part, from the following are excluded from coverage and the Company is under no duty to investigate, defend or to indemnify an insured in any action or proceeding alleging such causes of action and damages:

    1. Assault and Battery or any act or omission in connection with the prevention, suppression or results of such acts;

    2. Harmful or offensive contact between or among two or more persons;

2

3. Apprehension of harmful or offensive contact between or among two or more persons; or

4. Threats by words or deeds.

5. This exclusion applies to "bodily injury", "property damage", "personal injury" or any obligation to investigate, defend or indemnify, if such injury, damage or obligation is caused directly or indirectly by any other cause or event that contributes concurrently or in any other sequence to the injury or damage. If injury or damage from a covered occurrence, cause or event occurs, and that injury or damage would not have occurred but for the acts or omissions set forth in paragraphs 1 through 4 above, and would be excluded from coverage.

This exclusion applies regardless of the degree of culpability or intent and without regard to:

A. Whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, employees, agents or servants; or by any other person lawfully or otherwise on, at or near the premises owned or occupied by the insured; or by any other person;

B. The alleged failure of the insured or his officers, employees, agents or servants in the hiring, supervision, retention or control of an person, whether or not an officer, employee, agent or servant of the insured;

C. The alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar or halt any such conduct or to medically treat or obtain such treatment for any injuries or damages sustained.

This exclusion applies as well to any claims by any other person, firm or organization, asserting rights derived from or contingent upon any person asserting a claim excluded under Clauses A, B or C (above); specifically excluding from coverage claims for:

1. Emotional distress or for loss of society, services, consortium and/or income;
2. Reimbursement for expenses (including but not limited to medical expenses, hospital expenses and wages) paid or incurred by such other person, firm or organization;
3. Any obligation to share damages with or repay someone who must pay damages because of the injury.

II. It is further agreed between the insured and the Company that:

1. If this policy contains the Broad form Comprehensive General Liability Endorsement (GL0404 ED 5-81), paragraph "XI Extended Bodily Injury Coverage", it is deleted from that endorsement and rendered null and void.

2. If this policy contains the Extended Form General Liability Endorsement (REGL-1 6-94), paragraph "XI Extended Bodily Injury

3

Coverage", it is deleted from that endorsement and rendered null and void.

Policy RM126043 also contains an **Employment Related Practices Exclusion (REE-1), Discrimination Exclusion (RDE -1) and an Absolute Punitive or Exemplary Damage Exclusion(RPD-AL-1),** which exclude coverage for all of these claims and for punitive damages. Rather than setting forth the text of those Exclusions in this letter, we attach a copy of each exclusion to this letter.

We believe that all of the averments in the Complaint and the damages sought do not constitute an "occurrence" nor "bodily injury" as those terms are defined in the policy and also fall within the exclusionary language of the policy, and that the policy will afford no coverage for either defense or indemnification of any of these claims and the above captioned lawsuit. It also appears that some or all of the alleged conduct may have taken place prior to or after the effective dates of policy RM126366. However, until that conclusion can be reached based on further information developed, we are willing to provide a defense and we have assigned Michael Jackson, Esquire, of the law firm of Beers, Anderson & Jackson, P.O. Box 1988, Montgomery, Alabama 36102, telephone number 334-834-5311 to defend you in this matter  You should not construe this assignment to defense counsel as confirmation of coverage.  On the contrary, we are specifically reserving our rights regarding coverage. That reservation of rights includes the right to institute a declaratory judgment action to determine our respective rights and obligations relative to the policy.

This will serve to give you formal notice that you may have an uninsured exposure. Since you may have an uninsured exposure, and since plaintiff may seek damages in excess of the amount of your coverage, you should consider the advisability of hiring an attorney, at your expense, to represent your personal interest in this matter. If you decide to retain personal counsel, you may be assured that he will receive the complete cooperation of our Company and of Mr. Jackson .

Nothing in this letter is intended as, nor should it be construed as, a waiver or relinquishment by Regis Insurance Company of any of the terms, conditions, exclusions, or other provisions of the subject insurance policy, nor of any other rights or defenses available to Regis Insurance Company, whether legal or equitable in nature, and whether based upon known facts or facts that subsequently become known to Regis Insurance Company.

We trust you understand our position in this matter. If you have any questions or do not understand the contents of this letter, please feel free to contact me for further clarification.

Thank you for your cooperation.

Very truly yours,


George Morrison

GM/ks
Encs.: REE-1, RDE -1, RPD-AL-1
Certified Mail RRR No. 7005 0390 0006 3400 6847 – P & C Grocer's, Inc.
Certified Mail RRR No. 7004 1350 0004 7706 3588 – Mr. Charles Parker

cc: Michael Jackson, Esquire

4